Submitted January 6, conviction for interfering with a peace officer reversed and remanded; otherwise affirmed February 23, 2012

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## IZELLE LAMONT HARRIS,
aka Izelle L. Harris,
*Defendant-Appellant.*

Multnomah County Circuit Court
091153540; A145171

273 P3d 277

Peter Gartlan, Chief Defender, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment convicting him of attempting to assault a public safety officer, ORS 163.208, and interfering with a peace officer, ORS 162.247. He contends that the trial court erred when it refused to instruct the jury that passive resistance does not constitute interference with a peace officer under ORS 162.247.[1] The state concedes that the trial court erred in "declining defendant's requested jury instruction, and the error was not harmless." We agree, accept the state's concession, and reverse and remand defendant's conviction for interfering with a peace officer under ORS 162.247.

Conviction for interfering with a peace officer reversed and remanded; otherwise affirmed.

---

[1] Pursuant to ORS 162.247(3)(b), the criminal offense of interfering with a peace officer does not apply in situations where a person is engaging in "[p]assive resistance."